UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VENICE PI, LLC, | ) CIVIL NO. 17-00488 RLP |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S EX ) PARTE MOTION FOR LEAVE TO SERVE |
| vs. | ) THIRD PARTY SUBPOENA PRIOR TO A ) RULE 26(F) CONFERENCE |
| DOES 1 through 16, | ) |
| Defendants. | ) |

ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO
SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE

Before the Court is Plaintiff's Ex Parte Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference, filed on September 29, 2017 ("Motion"). ECF No. 8. Pursuant to Local Rule 7.2(d), the Court elects to decide the pending Motion without a hearing. As discussed in detail below, Plaintiff has established that good cause exists to allow it to engage in limited early discovery. Accordingly, the Court GRANTS Plaintiff's Motion.

BACKGROUND

Plaintiff's complaint alleges violations for direct copyright infringement and contributory copyright infringement pursuant to 17 U.S.C. § 101, et seq., against Doe Defendants 1 through 16. According to Plaintiff, each of the Doe Defendants, without Plaintiff's permission or consent, duplicated and distributed "Once Upon a Time in Venice," a motion picture whose

registered copyright is owned by Plaintiff.  Plaintiff alleges that the Doe Defendants used a peer-to-peer file sharing protocol to reproduce, distribute, display, or perform "Once Upon a Time in Venice."  Plaintiff alleges that this conduct has infringed Plaintiff's exclusive rights in violation of 17 U.S.C. § 106(1) and (3)-(5), causing Plaintiff monetary damages and irreparable harm.

Plaintiff does not know the Doe Defendants' names and addresses.  However, Plaintiff has been able to identify the Internet Protocol (IP) addresses used and the date and time that each alleged infringement occurred.  See Ex. 1 to Compl., ECF No. 1-2.  Plaintiff has also identified the Internet Service Provider (ISP) for each of the IP addresses as Hawaiian Telcom or Verizon Wireless.  Id.  In the present Motion, Plaintiff seeks permission to take early discovery through subpoenas to Hawaiian Telcom and Verizon Wireless to determine the names and addresses of the subscribers connected to the IP addresses that have been linked to alleged infringement of Plaintiff's work.

## DISCUSSION

Generally, a party is prohibited from seeking discovery before the Federal Rule of Civil Procedure 26(f) conference unless authorized by court order.  Fed. R. Civ. P. 26(d)(1).  However, in rare circumstances "courts have made exceptions, permitting limited discovery to ensue after filing of the

complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). In deciding whether to allow early discovery, courts consider whether a plaintiff has shown good cause. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Where the identity of the defendant is not known, the Ninth Circuit has held that a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identity, or that the complaint would be dismissed on other grounds." Gillespie, 629 F.2d at 642. Courts examine various factors in evaluating whether a plaintiff has established good cause for early discovery to assist in the identification of doe defendants including whether plaintiff has made a prima facie showing of infringement, whether plaintiff has identified the doe defendants with sufficient particularity, and whether the requested discovery is likely to lead to identifying information. See, e.g., Patrick Collins, Inc. v. Does 1-1219, No. C 10-14468 LB, 2010 WL 5422569, at *2 (N.D. Cal. Dec. 28, 2010) (citations omitted).

The Court finds that Plaintiff has made a sufficient showing to establish good cause to engage in early discovery to

identify the Doe Defendants. First, Plaintiff has made a prima facie showing of copyright infringement and contributory copyright infringement. Regarding Plaintiff's claim for copyright infringement, Plaintiff has alleged: (1) it owns and has registered the copyrighted work at issue; (2) the Doe Defendants reproduced and distributed that work without authorization; and (3) Plaintiff was damaged by the Doe Defendants' actions. As to Plaintiff's claim for contributory copyright infringement, Plaintiff alleges that each Defendant caused or materially contributed to the direct infringement of Plaintiff's copyright by other Defendants by participating in the peer-to-peer file-sharing protocol. These allegations are minimally sufficient to state a claim for contributory copyright infringement. See Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004); see also ME2 Prods., Inc., v. Pumaras, No. CV 17-00078 SOM/RLP, 2017 WL 4181344, at *2-*3 (D. Haw. Sept. 21, 2017) (holding that similar allegations were sufficient to state a claim for copyright infringement and awarding $750 in statutory damages).

      Second, Plaintiff has identified the Doe Defendants with as much specificity as possible. Plaintiff states that the Doe Defendants are persons or entities and that these persons or entities have been observed and documented as infringing on its copyrighted work. Plaintiff provided as Exhibit 1 to its

Complaint a list of the IP addresses associated with each of the Doe Defendants, along with the "hit date" that each IP address subscriber allegedly infringed on Plaintiff's copyrighted work. The IP addresses are located in the State of Hawaii, which indicates that the Court likely has jurisdiction over the Doe Defendants.  It does not appear that there are any other measures Plaintiff could have taken to identify the Doe Defendants other than to obtain the subscribers' identifying information from the ISP.  Finally, Plaintiff has demonstrated that the proposed subpoenas seek information likely to lead to identifying information that will allow Plaintiff to effect service of process on the Doe Defendants.[1]  Based on the foregoing, the Court finds that Plaintiff has demonstrated good cause to grant Plaintiff leave to conduct early discovery.

---

[1] Although the information requested by Plaintiff may identify the subscriber associated with each IP address, that information will not necessarily reveal the person that allegedly infringed Plaintiff's work.  "Home wireless networks are ubiquitous, meaning that a single IP address can simultaneously support multiple computer devices throughout the home and, if not secured, additional devices operated by neighbors or passersby.  Thus, the risk of false positives is very real." Thompsons Film, LLC v. Does 1-194, No. C13-0560RSL, 2014 WL 585862, at *1 (W.D. Wash. Feb. 14, 2014).  As noted by another court, "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call." In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 84 (E.D.N.Y. 2012).

CONCLUSION

The Court GRANTS Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to Rule a 26(f) Conference as follows:

1. Plaintiff is allowed to serve Rule 45 subpoenas on Hawaiian Telcom and Verizon Wireless to obtain the name and address of each subscriber associated with the IP addresses on the dates indicated in Exhibit 1 to the Complaint.

2. Plaintiff shall serve a copy of this Order with any subpoenas issued pursuant to this Order.

3. The subpoenas authorized by this Order shall be deemed appropriate court orders under 47 U.S.C. § 551.

4. Hawaiian Telcom and Verizon Wireless shall have 30 days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoenas and a copy of this Order. Hawaiian Telcom and Verizon Wireless may serve the subscribers by any reasonable means, including written notice sent to the subscriber's last known address via first class mail.

5. The subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena. If that 30-day period lapses without a subscriber contesting the subpoena, Hawaiian Telcom and Verizon Wireless shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

6. After Hawaiian Telcom and Verizon Wireless are

properly served with Rule 45 subpoenas as detailed above, Hawaiian Telcom and Verizon Wireless shall preserve all subpoenaed information pending the delivery of such information to Plaintiff or the resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

7. Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101, et seq.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, OCTOBER 2, 2017.

_____
Richard L. Puglisi
United States Magistrate Judge

**VENICE PI, LLC v. DOES 1 through 16, CIVIL NO. 17-00488 RLP; ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**